RE: LIABILITY OF POLICE OFFICERS
IN GOING THROUGH SEVERAL OLDER FILES IN THIS OFFICE, WE HAVE DISCOVERED THAT A LETTER THAT YOU TRANSMITTED CONCERNING THE POTENTIAL LIABILITY OF A POLICE OFFICER WHO RELEASES AN INTOXICATING PERSON WAS NEVER RESPONDED TO. PLEASE ACCEPT MY APOLOGY ON BEHALF OF THE ATTORNEY GENERAL.
IT IS NOT POSSIBLE TO ANSWER YOUR QUESTION IN THE ABSTRACT, AS THE PECULIAR FACTUAL CIRCUMSTANCES THAT WOULD BE PRESENT IN ANY GIVEN CASE WOULD SEVERELY IMPACT ANY RESPONSE ATTEMPTED TO BE GIVEN. THE GOVERNMENTAL TORT CLAIMS ACT DOES PROVIDE QUITE BROAD PROTECTION FOR PUBLIC EMPLOYEES AND OFFICERS ENGAGED IN MAKING DISCRETIONARY DECISIONS, AND ALSO AS TO LAW ENFORCEMENT RELATED ACTIVITIES. ACCORDINGLY, WHILE WE CANNOT SAY AS A SETTLED MATTER IN EVERY CASE THAT NO LIABILITY COULD EVER ATTACH WHERE A LAW ENFORCEMENT OFFICER RELEASES A PERSON POSSIBLY INTOXICATED, UNLESS THE INCIDENT AROSE TO THE DEGREE THAT THE RELEASE COULD BE HELD WANTON AND WILFUL MISCONDUCT, THE PROBABILITY OF LIABILITY ATTACHING TO THE RELEASING OFFICER IS PROBABLY REMOTE.
AS TO YOUR OTHER QUESTION, ABSENT SOME REASONABLE NEXUS TO THE PROTECTION OF THE PUBLIC, AND SOME BACKGROUND AUTHORITY STEMMING FORM STATE LAW OR LOCAL ORDINANCE, THE PROPRIETY OF AN ABSOLUTE POLICY ESTABLISHED SOLELY BY A LOCAL POLICE DEPARTMENT COMPELLING A SET TIME PERIOD OF UNCHARGED TEMPORARY INCARCERATION FOR PERSONS MERELY SUSPECTED OF INTOXICATION MUST BE VIEWED AS DOUBTFUL.
(MICHAEL SCOTT FERN)